IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS PACHECO, derivatively on Behalf of OPHTHOTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID R. GUYER, GLENN P. SBLENDORIO, DAVID E. REDLICK, THOMAS DYRBERG, AXEL BOLTE, MICHAEL J. ROSS, SAMIR C. PATEL, and NICHOLAS GALAKATOS,<br><br>Defendants,<br><br>and,<br><br>OPHTHOTECH CORPORATION,<br><br>Nominal Defendant. | No. 1:18-cv-07999 (VSB) |

**STIPULATION AND [PROPOSED] ORDER REGARDING
TEMPORARY STAY PENDING SPECIAL LITIGATION
<u>COMMITTEE INVESTIGATION</u>**

WHEREAS, on August 31, 2018, Plaintiff Luis Pacheco ("Plaintiff") filed a Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment (the "Complaint") against defendants David R. Guyer, Glenn P. Sblendorio, David E. Redlick, Thomas Dyrberg, Axel Bolte, Michael J. Ross, Samir C. Patel, and Nicholas Galakatos (the "Individual Defendants"), on behalf of nominal defendant Ophthotech Corporation ("Ophthotech" or the "Company");

WHEREAS, on December 14, 2018, the Individual Defendants and Ophthotech filed a Motion to Dismiss the Verified Stockholder Derivative Complaint (the "Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 23.1;

WHEREAS, on September 19, 2019, the Court denied the Motion to Dismiss;

WHEREAS, the Individual Defendants and Ophthotech filed their answers to the Complaint on February 17, 2020;

WHEREAS, on October 15, 2019, Ophthotech's Board of Directors (the "Board") established a Special Litigation Committee ("SLC"), which, by resolution of the Board, is "fully empowered to take and direct any and all actions on behalf of the Company with respect to [the Action] . . . or otherwise with respect to the allegations therein, including but not limited to investigating and making determinations concerning or related to claims and allegations of [the Action], determining whether the pursuit of the [Action] is in the Company's best interests, causing the Company to pursue claims, causing the Company to seek the dismissal of claims, and seeking any form of relief or action by the Court with respect to the [Action]"; and

WHEREAS, the parties have met and conferred and, while reserving all rights not addressed herein, have agreed to a stay of 180 days, in order to permit the SLC to proceed with its investigation, on the terms set forth herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the respective parties:

1. Subject to approval of the Court, this Action shall be stayed for one hundred and eighty (180) days from the date of entry of the proposed order unless (i) the parties agree to extend the stay pursuant to Paragraph 8 of this Stipulation and the Court approves such an extension, or (ii) the stay is lifted pursuant to Paragraph 9 of this Stipulation.

2. Upon the conclusion of the SLC's investigation, without waiver of any privilege or protection by any party, the SLC shall produce to Plaintiff's counsel, subject to a protective order

agreed upon by the parties and approved by the Court, any final written SLC investigation report or presentation, if any, as well as any documents identified or referenced therein.

3. Within thirty (30) days of the date that the SLC produces materials pursuant to Paragraph 2 of this Stipulation, and prior to the filing of any motion to dismiss or terminate the Action (if any), the SLC and/or the Defendants, as appropriate, shall provide the following additional materials as reasonably identified, without waiver of any privilege or protection by any party and subject to a protective order agreed upon by the parties and approved by the Court, unless they are produced with any SLC report or presentation:[1]

   a. All documents reasonably constituting, concerning, reflecting, referencing, or otherwise relating to the Board's decision to form the SLC.

   b. All documents provided to, reviewed by, considered by, relied upon, or otherwise utilized by the Board in assessing the independence of the members of the SLC.

   c. All documents reasonably showing any business relationships, personal relationships or any other affiliations between and/or among any member of the SLC and the Company, or any current or former member of the SLC and any of the Individual Defendants.

   d. Documents sufficient to show any current and past ownership, or transactions by any current and/or former SLC member in Ophthotech assets, debt, derivatives, equity, or securities of any type or form, including, without limitation, current and/or prior ownership of Ophthotech stock.

   e. A list identifying counsel, experts, or other advisors engaged by the SLC in the course of the investigation.

   f. Documents sufficient to show the power, authority, and/or mandate of the SLC, and any changes thereto.

   g. All minutes of each meeting of the Ophthotech Board discussing the creation of the SLC.

---

[1] The references to documents and communications herein exclude those, if any, that are subject to the attorney-client privilege and/or the attorney work product doctrine.

    h. All minutes of any SLC meeting(s) addressing the SLC's findings, including presentations, documents, or other written or graphic material provided to and/or considered by the SLC with respect to such meeting(s).

    i. Correspondence between or among: (i) any member of the SLC and (ii) any non-SLC member(s) of the Ophthotech Board concerning the instant litigation, the SLC or the matters investigated by the SLC sent or received from October 15, 2019 through the conclusion of the SLC's investigation and final determination(s).

    j. A list of interviews conducted by or for the SLC, identifying each witness' name, title, and company along with the date and whether any members of the SLC were present.

    k. Copies of any tolling agreements entered into between the SLC and the Individual Defendants.

4. Plaintiff and his counsel reserve all rights to seek to depose under oath each member of the SLC for not longer than 4 hours regarding matters pertinent to the performance of their duties as members of the SLC, their independence, and the good faith, reasonableness, and independence of the SLC's investigation, deliberations and decision-making.  The SLC reserves all rights to object to any such depositions.

5. This stipulation is not intended to, and shall not be construed to, preclude or create any presumption against Plaintiff from propounding formal requests for production, interrogatories and/or requests for admission regarding the independence of the SLC and whether the SLC conducted its investigation in good faith (after the conclusion of the SLC's investigation, notwithstanding the continued pendency of the stay), and the SLC and defendants reserve all rights to object to any such requests for production, interrogatories and requests for admission.

6. In addition, Defendants shall provide Plaintiff with: (i) copies of all documents and written responses to discovery requests produced to the plaintiff in *Micholle v. Ophthotech Corp., et al.*, C.A. No. 1:17-cv-00210-VSB (the "Federal Securities Class Action") in the form and manner in which such documents are produced to the Federal Securities Class Action plaintiff; (ii) all written

agreements regarding the scope of discovery to be produced by defendants in the Federal Securities Class Action; and (iii) all deposition transcripts generated in the Federal Securities Class Action within ten (10) business days of their production or availability, in the case of deposition transcripts, in the Federal Securities Class Action, or within ten (10) business days of the entry of this Order, whichever is later.

7. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein, including the right to pursue and/or oppose additional formal discovery and/or to file any motion any party deems appropriate following expiration of the stay.

8. In the event the SLC determines in good faith that it needs additional time to complete its investigation, the parties shall meet and confer regarding the necessity, reasonableness, and length of any extension of the stay. The parties shall present any stipulations regarding extension of the stay or proposed schedule for briefing their disputes with respect to extension of the stay to the Court for approval.

9. Notwithstanding any other Paragraph of this Stipulation, the stay shall automatically expire fourteen (14) days after (i) the SLC, at the conclusion of its investigation, determines not to file a motion to dismiss, or (ii) the court issues a decision on, or the parties otherwise resolve, any motion to dismiss that the SLC may file after concluding its investigation.

IT IS SO STIPULATED.

Dated:  April 28, 2020 /s/ *Shane P. Sanders* (e-signed with consent)
Brian J. Robbins
Craig W. Smith
Shane P. Sanders
ROBBINS LLP
5040 Shoreham Place
San Diego, CA 92122
Tel: (619) 525-3990
Fax: (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

Thomas G. Amon
733 3rd Avenue 5th Avenue, 15th Floor
New York, NY 10017
Tel: (212) 810-2430
tamon@amonlaw.com

*Counsel for Plaintiff*


/s/ *Michael G. Bongiorno*
Michael G. Bongiorno
Jeremy T. Adler
WILMER CUTLER PICKERING HALE
  AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
jeremy.adler@wilmerhale.com

        Timothy J. Perla
        WILMER CUTLER PICKERING HALE
          AND DORR LLP
        60 State Street
        Boston, MA  02109
        Tel.:  (617) 526-6000
        Fax:  (617) 526-5000
        timothy.perla@wilmerhale.com

        *Counsel for Defendants and Nominal Defendant*

        Jordan D. Hershman
        MORGAN, LEWIS & BOCKIUS LLP
        One Federal St.
        Boston, MA  02110
        Tel:  (617) 951-8455
        Fax:  (617) 345-5037
        jordan.hershman@morganlewis.com

        *Counsel for Defendants David R. Guyer and Samir C. Patel*

IT IS SO ORDERED.

Dated: _____, 2020

_____
Vernon S. Broderick
United States District Judge