IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS PACHECO, derivatively on Behalf of OPHTHOTECH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID R. GUYER, GLENN P. SBLENDORIO, DAVID E. REDLICK, THOMAS DYRBERG, AXEL BOLTE, MICHAEL J. ROSS, SAMIR C. PATEL, and NICHOLAS GALAKATOS,<br><br>Defendants,<br><br>and,<br><br>OPHTHOTECH CORPORATION,<br><br>Nominal Defendant. | No. 1:18-cv-07999 (VSB) |

**STIPULATION AND [PROPOSED] ORDER REGARDING
EXTENSION OF STAY PENDING SPECIAL LITIGATION
COMMITTEE INVESTIGATION**

WHEREAS, on August 31, 2018, Plaintiff Luis Pacheco ("Plaintiff") filed a Verified Stockholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment (the "Complaint") against defendants David R. Guyer, Glenn P. Sblendorio, David E. Redlick, Thomas Dyrberg, Axel Bolte, Michael J. Ross, Samir C. Patel, and Nicholas Galakatos (the "Individual Defendants"), on behalf of nominal defendant IVERIC bio, Inc. f/k/a Ophthotech Corporation ("Ophthotech" or the "Company");

WHEREAS, on December 14, 2018, the Individual Defendants and Ophthotech filed a Motion to Dismiss the Verified Stockholder Derivative Complaint (the "Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 23.1;

WHEREAS, on September 19, 2019, the Court denied the Motion to Dismiss;

WHEREAS, the Individual Defendants and Ophthotech filed their answers to the Complaint on February 17, 2020;

WHEREAS, on October 15, 2019, Ophthotech's Board of Directors (the "Board") established a Special Litigation Committee ("SLC"), which, by resolution of the Board, is "fully empowered to take and direct any and all actions on behalf of the Company with respect to [the Action] . . . or otherwise with respect to the allegations therein, including but not limited to investigating and making determinations concerning or related to claims and allegations of [the Action], determining whether the pursuit of the [Action] is in the Company's best interests, causing the Company to pursue claims, causing the Company to seek the dismissal of claims, and seeking any form of relief or action by the Court with respect to the [Action]";

WHEREAS, on May 4, 2020, the Court so ordered a Stipulation and Order Regarding Temporary Stay Pending Special Litigation Committee Investigation (the "Stay Stipulation"), which stayed the Action for 180 days—through November 1, 2020—in order to permit the SLC to proceed with its investigation;

WHEREAS, Paragraph 8 of the Stay Stipulation provided that, "[i]n the event the SLC determines in good faith that it needs additional time to complete its investigation, the parties shall meet and confer regarding the necessity, reasonableness, and length of any extension of the stay";

WHEREAS, on October 30, 2020, the parties filed a stipulation and proposed order seeking to extend the discovery stay for ninety (90) days—through January 30, 2021—to accommodate an extension of the discovery schedule in the related Federal Securities Class Action captioned *Micholle v. Ophthotech Corp., et al.*, No. 1:17-cv-00210-VSB (the "Federal Securities Class Action");

WHEREAS, on November 4, 2020, the Court so ordered the Stipulation and Proposed Order regarding the extension of the discovery stay;

WHEREAS, on January 28, 2021, the parties filed a second stipulation and proposed order seeking to extend the discovery stay for forty-two (42) days—through March 13, 2021.

WHEREAS, on January 29, 2021, the Court so ordered the Stipulation and Proposed Order regarding the extension of the discovery stay;

WHEREAS, the SLC contends that it needs additional time to complete its investigation;

WHEREAS, the parties have met and conferred and, while reserving all rights not addressed herein, have agreed to extend the temporary stay by 35 days—through April 17, 2021—in order to permit the SLC to complete its investigation, on the terms set forth in the Stay Stipulation and herein.

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the respective parties:

1. Subject to approval of the Court, this Action shall be stayed for an additional thirty-five (35) days beyond what was provided for in the Stay Stipulation, and the November 4, 2020 and January 29, 2021 Stipulations and Orders extending the stay unless (i) the parties agree to extend the stay pursuant to Paragraph 8 of the Stay Stipulation and the Court approves such an extension, or (ii) the stay is lifted pursuant to Paragraph 9 of the Stay Stipulation.

2. All other terms of the Stay Stipulation shall remain in full force, and this stipulation and proposed order shall not in any way alter or eliminate any obligations or rights created or imposed by the Stay Stipulation.

IT IS SO STIPULATED.

Dated:  March 15, 2021

                                              /s/ Shane P. Sanders
Brian J. Robbins
Craig W. Smith
Shane P. Sanders
ROBBINS LLP
5040 Shoreham Place
San Diego, CA 92122
Tel: (619) 525-3990
Fax: (619) 525-3991
brobbins@robbinsllp.com
csmith@robbinsllp.com
ssanders@robbinsllp.com

Thomas G. Amon
733 3rd Avenue 5th Avenue, 15th Floor
New York, NY 10017
Tel: (212) 810-2430
tamon@amonlaw.com

*Counsel for Plaintiff*

/s/ Michael G. Bongiorno
Michael G. Bongiorno
Jeremy T. Adler
WILMER CUTLER PICKERING HALE
   AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com
jeremy.adler@wilmerhale.com

*Counsel for Defendants and Nominal Defendant*

4

Jordan D. Hershman
MORGAN, LEWIS & BOCKIUS LLP
One Federal St.
Boston, MA  02110
Tel:  (617) 951-8455
Fax:  (617) 345-5037
jordan.hershman@morganlewis.com

*Counsel for Defendants David R. Guyer and Samir C. Patel*

IT IS SO ORDERED.

Dated: ___March 17_____, 2021

_____
Vernon S. Broderick
United States District Judge