```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LUIS PACHECO, Derivatively on Behalf of                     :
Ophthotech Corporation,                                     :
                                                            :
                              Plaintiff,                    :   No. 18-cv-7999 (VSB)
                                                            :
              - against -                                   :   OPINION & ORDER
                                                            :
DAVID R. GUYER, GLENN P.                                    :
SBLENDORIO, DAVID E. REDLICK,                               :
THOMAS DYRBERG, AXEL BOLTE,                                 :
MICHAEL J. ROSS, SAMIR C. PATEL, and                        :
NICHOLAS GALAKATOS,                                         :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Thomas G. Amon
Law Office of Thomas G. Amon
New York, New York

Shane Palmesano Sanders
Robbins LLP
San Diego, California

*Counsels for Plaintiff*

Jeremy Todd Adler (New York, New York)
Michael G. Bongiorno (New York, New York)
Timothy J. Perla (Boston, Massachusetts)
Wilmer Cutler Pickering Hale & Dorr LLP

Jordan David Hershman
Morgan, Lewis & Bockius LLP
New York, New York

*Counsels for Defendants*

VERNON S. BRODERICK, United States District Judge:

This is a derivative action brought on behalf of Ophthotech Corporation ("Ophthotech") against eight current and former Ophthotech directors and officers ("Defendants") for breach of fiduciary duty, unjust enrichment, and waste of corporate assets. Before me is the unopposed motion for preliminary approval of settlement filed by Plaintiff Luis Pacheco ("Plaintiff"). (Doc. 83.) Because I find, under a preliminary evaluation, that the settlement is fair, reasonable, and the result of good faith negotiation, Plaintiff's motion is GRANTED.

## I. Background and Procedural History

I assume familiarity with the factual background and procedural history of the case as set forth in my previous Opinion & Order, *Pacheco ex rel. Ophthotech Corp. v. Guyer*, No. 18-CV-7999 (VSB), 2019 WL 4513270, at *1–4 (S.D.N.Y. Sept. 19, 2019). After I denied Defendants' motion to dismiss, Defendants filed their answer to the complaint on February 18, 2020. (Doc. 52.) On October 18, 2021, the parties informed me that they had reached an agreement to settle the action. (Doc. 73.) On February 4, 2022, Plaintiff filed this unopposed motion for preliminary approval of derivative settlement, with supporting documents. (Docs. 83–85.) Plaintiff asks me to (1) grant preliminary approval of the settlement, finding that it is within the range of what might be found to be fair, reasonable, and adequate, (2) approve the proposed substance and form of notice to the Class, and (3) schedule a fairness hearing.

## II. Legal Standard

District courts have discretion to approve proposed class action settlements. *See Kelen v. World Fin. Network Nat'l Bank*, 302 F.R.D. 56, 68 (S.D.N.Y. 2014) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising

their discretion often give weight to the fact that the parties have chosen to settle.  *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693(PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing.  *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442(KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013).  "[C]ourts often grant preliminary settlement approval without requiring a hearing or a court appearance."  *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 179 (S.D.N.Y. 2014).  To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members."  *Id.* (quoting *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted)).  Courts conducting this analysis "must make a preliminary evaluation as to whether the settlement is fair, reasonable and adequate."  *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409, M-21-95, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval."  *Silver*, 2013 WL 208918, at *1 (quoting *In re Nasdaq Market–Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)).

### III. <u>Discussion</u>

#### A. *Preliminary Approval of the Class Settlement*

After reviewing Plaintiffs' submissions, including the memorandum of law in support of their motion, (Doc. 84), the stipulation of settlement, (Doc. 85-1, "Stipulation of Settlement" or "Stip."), and all other attached exhibits, (see Doc. 85-2–11), I find that the settlement terms merit

preliminary approval.

First, the settlement terms appear to be the result of an extensive and good-faith process mediated by the Honorable Layn R. Philips (Fmr.) and Niki Mendoza of Philips ADR (the "Mediators"), who are nationally recognized mediators with extensive experience mediating complex stockholder disputes. (Mem. 7.)[1] The settlement was based on the extensive investigation into the strengths and weakness of the case conducted by Plaintiff's counsel, Robbins LLP and the Law Offices of Thomas G. Amon, which are firms with decades of experience in shareholder representative litigation and have been appointed lead counsel in numerous shareholder derivative actions. (*Id*. 13; *see also* Doc. 85-2 & 85-3.) As Ophthotech produced over 100,000 documents consisting of over 4.2 million pages of material, Plaintiff's counsel used search terms during discovery to electronically identify critical documents and deposition testimony within that universe of information. (Mem. 6; *see also* Stip. 5–6.) Defendants' counsel—Wilmer Cutler Pickering Hale and Dorr LLP and Morgan, Lewis & Bockius LLP—are preeminent firms that represent corporate defendants, among other entities. (Mem. 13.) Moreover, the board of Ophthotech appointed a Special Litigation Committee ("SLC"), which was represented by independent counsel, Shearman Sterling LLP. The SLC and the parties engaged in extensive negotiations before reaching a settlement. Specifically, the parties and the SLC participated in an all-day mediation session with the Mediators on June 21, 2021, but were unable to resolve the dispute. (Stip. 8.) They continued to negotiate over the course of the next month before they ultimately reached an agreement in principle. (*Id*.) During the subsequent negotiations for attorneys' fees, the parties initially could not reach an agreed

---

[1] "Mem." refers to the legal memorandum submitted by Plaintiffs in support of their motion for preliminary approval of settlement. (Doc. 84.)

amount on their own; however, they ultimately accepted the recommendation of the Mediators in the amount of $2,450,000 to be paid by the individual Defendants' insurer(s).  (*Id*. 8–9.)  I find that all of the above suggests that the settlement is the result of good faith and arm's-length negotiations.  *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173–74 (S.D.N.Y. 2000) ("If the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness.").

      Second, the settlement terms do not have any obvious deficiencies and the corporate governance reforms to which Ophthotech agreed appear reasonable.  Specifically, Ophthotech agrees to maintain the comprehensive set of corporate governance reforms for a period of at least four years.  (Mem. 1.)  These reform measures will help to ensure "enhanced Board independence and functioning; improved internal controls and oversight of the Company's clinical trials; timely, accurate, and truthful public disclosures; and improved controls designed to detect and prevent insider selling—all issues at the heart of this litigation."  (*Id*. 18; *see also* Doc. 85-2 Ex. A.)  Further, four years will be "a meaningful amount of time . . . to ensure the [corporate governance reforms] become embedded in the Company's policies, practices, and corporate culture."  (Mem. 18); *see also In re FAB Universal Corp. S'holder Derivative Litig.*, 148 F. Supp. 3d 277, 281 (S.D.N.Y. 2015) (recognizing corporate governance reforms as significant benefits in approving the settlement of a derivative class action); *Allred v. Walker*, No. 19-CV-10641 (LJL), 2021 WL 5847405, at *4 (S.D.N.Y. Dec. 9, 2021) (same).  The attorneys' fees and expenses in the total amount of $2,450,000 also appear reasonable at this point; however, additional materials, like the attorneys' affidavits and billing records, will necessarily need to be examined prior to final approval.  In light of these factors, I preliminarily

approve the settlement agreement.

### B. *Approval of Notice to the Class*

Rule 23(c)(2)(B) requires that:

> [T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). I have reviewed the proposed plan for providing notice to the Class, which involves (1) filing the Stipulation of Settlement and the Notice[2] with the Securities and Exchange Commission ("SEC") along with an SEC Form 8-K or other appropriated filing, (2) publishing the Summary Notice[3] one time in the national edition of *Investors' Business Daily*, (3) publishing the Stipulation of Settlement and Notice on an internet page created for this purpose, which will be accessible through a link on the "Investors" page of Ophthotech's website. (*See* Stip. 20–21.) After review, I conclude that the form of manner of the proposed notice constitutes the best notice practicable under the circumstances and meets the requirements of due process. The plan also satisfies all of the seven elements of Rule 23(c)(2)(B) identified above.

### IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's unopposed motion for preliminary approval of the settlement is GRANTED. The parties are ordered to re-submit a text-editable word document of

---

[2] "Notice" refers to the Notice of Proposed Settlement and of Settlement Hearing. (Doc. 85-1 Ex. B-1.)

[3] "Summary Notice" refers to the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions. (Doc. 85-1 Ex. B-2.)

6

the proposed order setting forth the settlement procedure and schedule. (Doc. 85-1 Ex. B.) I will approve the proposed procedure in a separate order to be filed together with this Opinion and Order. The Clerk of Court is respectfully directed to close the open motions on the docket.

SO ORDERED.

Dated: November 2, 2022
      New York, New York

                                    Vernon S. Broderick
                                    United States District Judge