UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS PACHECO, Derivatively on Behalf of OPHTHOTECH CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>DAVID R. GUYER, GLENN P. SBLENDORIO, DAVID E. REDLICK, THOMAS DYRBERG, AXEL BOLTE, MICHAEL J. ROSS, SAMIR C. PATEL, and NICHOLAS GALAKATOS,<br><br>      Defendants,<br><br> -and-<br><br>OPHTHOTECH CORPORATION, a Delaware corporation,<br><br>      Nominal Defendant. | 18-CV-07999 (VSB)<br><br>**ORDER AND FINAL JUDGMENT APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for hearing pursuant to the Order of this Court, dated January 20, 2023 ("Order"), on Plaintiff's motion for final approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated January 27, 2022 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined therein).

2. This Court has jurisdiction over the subject matter of this litigation, including all matters necessary to effectuate the Settlement, and over all parties, including, but not limited to, the Plaintiffs, IVERIC bio, Inc. f/k/a/ Ophthotech Corporation ("Ophthotech"), Current Company Stockholders, and the Defendants.

3. The Court finds that the notice provided to Ophthotech stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. The Federal Derivative Action, and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiffs, Defendants, and Ophthotech, the parties are to bear their own costs, except as otherwise provided herein and/or in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in paragraph 6.1 of the Stipulation, the Plaintiffs (acting on their own behalf and derivatively on behalf of Ophthotech and its stockholders), all other stockholders of Ophthotech, and Ophthotech, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons, and shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, as defined in paragraph 6.1 of the Stipulation, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and all of the Plaintiffs and Plaintiffs' Counsel and all Ophthotech stockholders (solely in their capacity as Ophthotech stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions or the Released Claims.  Nothing

herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, as defined in paragraph 6.1 of the Stipulation, each of the Settling Parties, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged the members of the SLC and SLC Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the investigation, settlement, or resolution of the Derivative Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby approves the agreed Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable in light of the substantial benefit conferred upon Ophthotech by the Settlement.

10. The Court hereby approves the service awards for the Plaintiffs in accordance with the Stipulation and finds that such awards are fair and reasonable in light of the substantial benefit conferred upon Ophthotech by the Settlement.

11. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Ophthotech or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault or omission of any of the Released Persons or Ophthotech in any civil, criminal, administrative or other

proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

       12.    During the course of the Derivative Actions, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Derivative Actions.

       13.    Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the instant Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement, and enforce the Stipulation and the Settlement provided for therein and the provisions of this Order and Final Judgment.

       14.    This Order and Final Judgment is a final and appealable resolution as to all claims, and the Court directs immediate entry of this Order and Final Judgment forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing the Federal Derivative Action with prejudice.

       15.    For the reasons stated in, and pursuant to the terms set forth in this Order and Final Judgment, Plaintiff's motion for final approval of derivative settlement is granted; accordingly, this case is closed.

SO ORDERED.

Dated: January 27, 2023
      New York, New York

                                                          Vernon S. Broderick
                                                          United States District Judge